UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY BENNETT,

    Plaintiff,

    v.

CITY OF PORT ORCHARD, a municipal corporation, and MAHER ABED,

    Defendants.

Case No. C08-5004FDB

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**INTRODUCTION**

Plaintiff Bennett was a public works employee with the City of Port Orchard who sustained an on-the-job back injury while trimming trees, which led to Labor and Industries disability beginning March 2002 until October 2002, when his leave expired. In September 2002, Bennett was cleared by his physician to return to work in a light-duty position. On October 15, 2002, Bennett was terminated from his position. On December 4, 2004, Bennett filed a lawsuit in Federal court against the City of Port Orchard for illegal employment practices, including violations of the Americans with Disabilities Act. The undersigned dismissed that lawsuit on summary judgment.

On December 30, 2006, Bennett filed a discrimination charge presented to the EEOC and Washington State Human Rights Commission. In Bennett's description of the particulars, he states as follows:

ORDER - 1

> I had had at least 25 years of experience working for the City of Port Orchard as a Public Works Employee. I applied for the same Public Works position I had previously held in or about July of 2006 and I was well qualified for the position. On or about August 23, 2006, I was told that I was not selected for the position. A much younger person by the name of Matt Ryan was hired instead of me, who has significantly less experience than I.
> I was not chosen for the position because of my age, 53, which I believe is in violation of the Age Discrimination in Employment Act.

(City's Motion, Ex. C)

The current lawsuit, filed January 3, 2008, alleges age discrimination, disability discrimination, disparate treatment, and retaliation. The parties have stipulated to dismissal of the disability discrimination claim (*i.e.*, Count 2 and any such claim in Count 3 (disparate treatment)).

Defendants now move for partial summary judgment based on (1) *res judicata*, as the claims were raised and adjudicated in a prior lawsuit and statute of limitations, as Plaintiff's employment with the City ended in October 2002; and (2) failure to exhaust administrative remedies as to the claims other than age discrimination because Plaintiff did not assert such claims in the EEOC charge.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts."

ORDER - 2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

*Res Judicata and Statute of Limitations*

Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under Ninth Circuit jurisprudence, whether or not two claims are the same for *res judicata* purposes are evaluated on the following criteria: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two lawsuits involve infringement of the same right; and (4) whether the two lawsuits arise out of the same transactional nucleus of facts. *Nordhorn v. Ladish*, 9 F.3d 1402,m 1405 (9th Cir. 1993).

ORDER - 3

1  The parties have stipulated to dismissal of the disability claims (2 and 3 disparate treatment as
2  to disability). The City argues that Claims 4 (retaliation for filing an L&I Claim) and 5 (retaliation
3  for filing a lawsuit for wrongful termination for failing to accommodate disabilities, and retaliating for
4  filing a lawsuit for civil rights violations) should be dismissed as well, as they raise issues already
5  previously litigated.

6  The City also argues that to the extent any of Bennett's claims arising from his prior
7  employment are not precluded by *res judicata*, they are time barred. Bennett was terminated form
8  his position by the City effective October 15, 2002. The City argues: "even by the most liberal
9  calculation of the statute of limitations under any of plaintiff's various claims, this lawsuit filed in
10 January 2008 is outside the limitations period by a factor of years." (City's Motion, p. 9) (EEOC
11 charges to be filed within 180 days of the alleged unlawful practice; 300 days for charges institution
12 with the State or local administrative agency.) *Surrell v. Cal Water Service Co.*, 518 F.3d 1097,
13 1104 (9th Cir. 2008) (referencing 42 U.S.C. § 2000(e)-5(e)(1)).

14 Bennett responds that he will not address the *res judicata* argument, as he is not attempting
15 to relitigate those issues.

16 ***Failure To Exhaust Administrative Remedies***

17 The City argues that other than Bennett's claims for age discrimination, his discrimination
18 claims based on other factors are defective because Bennett failed to raise them in the EEOC
19 charging documents. A plaintiff is required to file a timely charge with the EEOC, or the appropriate
20 state agency, in order to give the agency an opportunity to investigate the charge. *Freeman v.*
21 *Oakland Unified School District,* 291 F.3d 632, 636 (9th Cir. 2002). "Allegations of discrimination
22 not included in the plaintiff's administrative charge may not be considered by a federal court unless
23 the new claims are like or reasonably related to the allegations contained in the EEOC charge." *BKB*
24 *v. Maui Police Department*, 276 F.3d 1091, 1100 (9th Cir. 2002)(internal quotes and citations
25 omitted.) Thus, subject matter jurisdiction may extend over allegations of discrimination that either
26 ORDER - 4

"fell within the scope of the EEOC's actual investigation or an EEOC investigation which can *reasonably be expected* to grow out of the charge of discrimination." *Freeman*, 291 F.3d at 636 (emphasis in original).

The City argues that there is no dispute that allegations of age discrimination are asserted in the EEOC charge, which is quoted above. Thus, the question is whether the Bennett's additional claims filed in this case (disability discrimination or retaliation premised on his 2002 L&I claim or 2004 lawsuit) can reasonably be expected to grow out of the age discrimination charge. The City argues that the answer is no, that there is nothing in the context of the age discrimination investigation that Bennett's earlier allegations of disability discrimination or retaliation would have become part of that investigation.

Bennett responds that his EEOC complaint should be construed liberally, but once he got an attorney, "the obvious claim of retaliation" was added. Bennett also argues that "... any professional knowledgeable in VII actions would have determined that Mr. Bennett's alleged act of discrimination more likely than not encompassed retaliation for Mr. Bennett having previously made claims against his employer." (Bennett Response, p. 6.) Bennett also asserts that the EEOC counselor failed to check the "retaliation" box on the complaint, and Bennett failed to notice that when he signed the complaint. Thus, Bennett argues, the failure to check the "retaliation" box derives from agency negligence, and not any fault of Bennett.

The City argues that the retaliation claims are not "like or reasonably related to" the age discrimination allegations of the EEOC charge, and would not fall within the scope of the EEOC's actual investigation or be expected to grow out of the investigation. Moreover, it also cannot be said that Bennett is unfamiliar with the factual background upon which he is basing his claims. The City argues that Bennett's argument is contrary to the purpose of the charging document to notify a respondent as to the particulars of the discrimination alleged, citing *Babarocky v. Jewell Food Company*, 773 F.2d 857, 863 (7th Cir. 1985). To accept Bennett's argument, there would be no

ORDER - 5

requirement to lay out factual particulars, and to leave it to the investigators to find conduct to form a claim of a federal violation.  Finally, the City argues that Bennett's self-serving hearsay that he informed the EEOC counselor of facts that might encompass claims of retaliation but that the counselor filed to include that in the charging document is insufficient.  The City distinguishes *BKB* from Bennett's case in that in Bennett's case, there is no pre-complaint questionnaire containing allegations different from the EEOC charge.

**CONCLUSION**

The particulars of Bennett's claim to the EEOC (page 2 *infra*) explicitly set forth an age discrimination claim.  In setting forth the age discrimination claim to the EEOC, Bennett states his experience, that he applied for a specific position that he previously held in about July 2006, asserts that he was "well qualified," that he was not hired, and that a younger person with less experience was hired.  Bennett concludes that "I was not chosen for the position because of my age, 53, which I believe is in violation of the Age Discrimination in Employment Act."  A retaliation claim is conceptually different, and it does not necessarily grow out of an age discrimination claim.  While the investigation might reveal that Bennett earlier filed a lawsuit based on disability discrimination, a retaliation claim does not necessarily follow, and age discrimination is not "like" retaliation nor is it "reasonably related to" retaliation.  Separate facts supporting retaliation were not alleged in the claim with the EEOC.   Consequently, Bennett failed to exhaust the retaliation claims, and they must be dismissed for lack of jurisdiction.

The parties have already stipulated to dismissal of the disability claims.  The only claim remaining in this case is the age discrimination claim.

NOW, THEREFORE,

/////

/////

/////

ORDER - 6

IT IS ORDERED: Defendant's Motion for Partial Summary Judgment [Dkt. # 11] is GRANTED and EXCEPT FOR THE AGE DISCRIMINATION CLAIM (Claim No. 1), the remaining claims (Claims Nos. 3(to the extent not based on age), 4, and 5 are DISMISSED (Claims Nos. 2 and 3(as related to the Americans with Disabilities Act) have already been dismissed by stipulation.)

DATED this 15th day of October, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7