UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RANDY BENNETT,

    Plaintiff,

v.

CITY OF PORT ORCHARD, a municipal corporation, and MAHER ABED,

    Defendants.

Case No. C08-5004FDB

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**INTRODUCTION**

The Complaint reveals that Plaintiff Randy Bennett began working for the City of Port Orchard as a public works employee in 1977 and continued to work in his job for 25 years. During his employment, he sustained an on-the-job back injury while trimming trees. He received Labor and Industries (L&I) disability beginning March 2002 until October 2002. Bennett was terminated October 15, 2002 because he had used up all of his leave and he could not return to work.

In the termination letter to Bennett, the City stated, "if the City advertises for a new position, in the future for which you meet the requirements and are qualified, please consider applying for it." (Ex. 3 to Dep. Of Randy Bennett, Rosen Dec., Ex. 2.)

Sometime before June 2006, Port Orchard (the City) needed to hire an entry-level public

ORDER - 1

works employee. (Dec. Of Maher Abed. ¶ 3.) The City advertised the position publicly, Bennett saw the advertisement, and submitted his application. (Bennett Dep. 62:1-21.) Maher Abed described the manner in which the City proceeded to narrow the applicants to several qualifying candidates. (Dec. of Maher Abed ¶ 5.) There were two steps in the selection process: First, an interview with a panel consisting of the City Clerk, Public Works foreman, and Public Works administrative assistant; then a math test. *Id.* Second, the finalists selected from the first step would have a one-on-one interview with Maher Abed. *Id.* There were three candidates recommended to be interviewed by Maher Abed, including, Plaintiff. The top rated candidate from the first step was Matt Ryan, who was ultimately hired for the position. *Id.*

It is undisputed that Plaintiff Bennett was 53 years old when he applied for the Public Works position with the City and that he was qualified for the position. There is no dispute that at the time they applied for the Public Works position, Plaintiff Bennett was over 39 years old (55 years old, birth date October 31, 1952) and Matt Ryan was younger than 39 (38 years old, birth date November 27, 1967).

The City of Port Orchard moves for summary judgment dismissing Plaintiff Bennett's case because there is no evidence that the City's legitimate, non-discriminatory basis for hiring Matt Ryan was a pretext for age discrimination against Bennett.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if the moving party establishes that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Inferences drawn from the facts are viewed in favor of the non-moving party. *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630-31 (9th Cir. 1987).

Summary judgment is proper if a defendant shows that there is no evidence supporting an

ORDER - 2

element essential to a plaintiff's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Failure of proof as to any essential element of plaintiff's claims means that no genuine issue of material fact can exist and summary judgment is mandated. *Celotex*, 477 U.S. 317, 322-23 (1986). The nonmoving party "must do more than show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

A plaintiff must first establish a *prima facie* case of discrimination. *Wallis v. J.R. Simplot*, 26 F.3d 885, 889 (9th Cir. 1994). A *prima facie* case for failure to hire because of age can be established by the plaintiff showing that (1) he was 40 to 70 years old; (2) he applied for and was qualified for a position for which the employer sought applicants; (3) he was rejected by the employer; and (4) the employer hired a younger employee for the position. *Ferguson v. Wal-Mart Stores, Inc.*, 114 F. Supp.2d 1057, 1065 (E.D. Wa. 2000) (citations omitted). If the plaintiff establishes a *prima facie* case, the burden the shifts to the defendant to articulate a legitimate non-discriminatory reason for its employment decision. *Wallis, id.* Then, in order to prevail, the plaintiff must demonstrate that the employer's alleged reason for the adverse employment decision is a pretext for another motive that is discriminatory. *Id.*

The existence of a mere *prima facie* case does not preclude summary judgment:

> When evidence to refute the defendant's legitimate explanation is totally lacking, summary judgment is appropriate even though plaintiff may have established a minimal *prima facie* case on a *McDonnell Douglas* type presumption.

*Id.* at 890-91.

For the purpose of this summary judgment motion, the defendants accept that Plaintiff Bennett presents the facts to establish a *prima facie* case. The Defendants contend that the successful candidate, Matt Ryan, met the qualifications for the advertised Public Works position, which they also articulate was an entry level position in which the individual hired would initially be conducting the more basic public works functions, working his way towards more complicated,

ORDER - 3

higher level projects. Mr. Abed felt that Mr. Ryan was the best fit for his Public Works team at the time, a conclusion that echoed the panel recommendation. Defendants contend that Plaintiff Bennett cannot present evidence of pretext, and that Bennett's argument that by virtue of his 25 years of prior experience, he was more qualified, is simply an argument of "entitlement," and Bennett is simply upset that the City did not offer him a position with Public Works.

Plaintiff Bennett responds that Defendants have failed to introduce admissible evidence in support of their alleged legitimate reason, that they merely state a bare, unsupported conclusion that "Mr. Abed felt that Mr. Ryan was the best fit for his Public Works team at the time." Bennett contends that he is better qualified through his twenty-five years of experience in the position that he applied for together with his use of his commercial driver's license operating dump trucks and heavy equipment. As far as Abed's declaration regarding who would "fit in" best with the team, Bennett worked with the Public Works team for 25 years without problems. Bennett also contends that the Defendants should have known from Ryan's appearance that he likely was in his thirties, and the Defendants knew that Bennett was in his fifties. Finally, Bennett argues that the cases cited by Defendants are not on point, the *Wallis* case being a downsizing case, and the *Ferguson* case dealing with unskilled labor.

Plaintiff Bennett cites *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248 (1981)[1] in support of his argument that Defendants failed to submit admissible evidence in support of their alleged legitimate reason for not selecting him for the Public Works position. In that case, the Supreme Court explained in reversing the Court of Appeals, that the appellate court had "misconstrued the nature of the burden that *McDonnell Douglas* and its progeny place on the defendant..." *id.* at 256, and "required much more: it placed on the defendant the burden of persuading the court that it had convincing, objective reasons for preferring the chosen applicant

---

[1]*Burdine* is a Title VII gender discrimination case. *Id.* at 251. Age cases are evaluated under the same burden-shifting analysis as are Title VII cases. *Wallis,* 26 F.3d at 889.

ORDER - 4

above the plaintiff." *Id.* at 256-57. Additionally, the Supreme Court held that the "Court of Appeals also erred in requiring the defendant to prove by objective evidence that the person hired or promoted was more qualified than the plaintiff. *Id.* at 258. When the plaintiff has proved a prima facie case of discrimination, the defendant bears only the burden of explaining clearly the nondiscriminatory reasons for its actions. *Id.* at 260.

Defendants have presented a clear explanation of nondiscriminatory reasons for their actions. Maher Abed's declaration is admissible under Fed. R. Civ. P. 56(e)(1) because as the former City Engineer and Public Works Director for the City of Port Orchard, his declaration is made on personal knowledge, sets out facts admissible in evidence, and shows that he is competent to testify upon the matters stated. Maher Abed's declaration satisfies Defendants' burden of explaining clearly the nondiscriminatory reasons for its actions, as Abed, among other things, thoroughly explained the process for selecting a successful applicant from among all the applications submitted. Maher received the recommendations from the interviewing panel, checked certain aspects of the three top recommended candidates' qualifications, and invited the candidates to interview with him so that he could assess the candidates' qualifications and how they would fit in with his team at Public Works. (Abed. Decl. ¶ 6.) Defendants have met their burden of production, and they do not have the ultimate burden of persuasion at this point. Plaintiff retains the burden of persuasion and at this stage must demonstrate that the proffered reason was not the true reason for the employment decision. *Id.* at 256. A plaintiff may satisfy this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Id.*; and see *McDonnell Douglas* Corp. v. Green, 411 U.S. 792, 804-05 (1973).

To persuade the Court that Defendants' proffered reason was not the true reasons for the employment decision, Plaintiff argues that he was clearly the most qualified candidate by virtue of his age and experience. Even so, this does not necessarily make Plaintiff the best candidate for the

ORDER - 5

position, as there are many more factors that were considered by the people evaluating the candidates for this position. This evidence does not go beyond Plaintiff's showing at the *prima facie* stage. There is no dispute that Plaintiff was the more experienced candidate, but this fact does not support a conclusion of pretext or that the proffered explanation is unworthy of credence.

Plaintiff having failed to carry his burden of persuasion in refuting the Defendant's legitimate non-discriminatory reason for hiring Matt Ryan and not Plaintiff, and there being no genuine issue of material fact, Defendant is entitled to summary judgment of dismissal on the sole remaining claim of age discrimination.

NOW, THEREFORE, IT IS ORDERED: Defendant's Motion for Summary Judgment on the Sole Remaining Claim of Age Discrimination [Dkt # 23] is GRANTED, and this cause of action is DISMISSED with prejudice.

DATED this 5th day of March, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE